**United States Bankruptcy Court**
**Eastern District of Arkansas**

In re  **Glenn Anthony Norris, Sr.**
       **Danita Rose Norris**
                                            Debtor(s)

Case No.
Chapter  **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ■   Amended Plan ☐   **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

■ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed *prior* to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Glenn Anthony Norris, Sr.**
**Danita Rose Norris** Case No.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ■ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1** **The debtor(s) will make regular payments to the trustee as follows:**
  *Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**4,150.00** per month to the trustee. The plan length is **60** months.
  The following provision will apply if completed:

  Plan payments will change to $__ per month beginning on __.

  Plan payments will change to $__ per month beginning on __.
    *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Payments shall be made from future income in the following manner:**

  Name of debtor **Glenn Anthony Norris, Sr.**
  ■ Direct pay of entire plan payment or ____ (portion of payment) per month.

  ☐ Employer Withholding of $_____ per month

    Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
    If other, please specify:____
     Employer name: _____
     Address: _____
     _____
     Phone: _____

  Name of debtor **Danita Rose Norris**
  ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

  ☐ Employer Withholding of $_____ per month.

    Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
    If other, please specify:____
     Employer name: _____

Debtor(s) **Glenn Anthony Norris, Sr.**
**Danita Rose Norris**            Case No.

Address:

Phone:

**2.3**     **Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4**     **Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1**     **Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Credit Acceptance 0647 | 2018 Dodge Ram 1500 2WD 59000 miles | 208.00 | ☒ Preconfirmation<br>☒ Postconfirmation |

**3.2**     **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid

Debtor(s) **Glenn Anthony Norris, Sr.**
**Danita Rose Norris**          Case No.

in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| BSI Financial Services 7481 | 7213 Worth Ave. East Benton, AR 72019 Saline County Debtors Homestead | 2,684.00 | ☐ Debtor(s) <br> ■ Trustee | 21,610.00 | 360.17 | 0.00% |

3.3      **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Bank OZK 0111 | 7213 Worth Ave. East Benton, AR 72019 Saline County Debtors Homestead | Opened 01/11 Last Active 9/10/18 | 16,229.00 | 400,000.00 | 5.00% | 306.26 |
| Credit Acceptance 0647 | 2018 Dodge Ram 1500 2WD 59000 miles | Opened 05/18 Last Active 1/18/20 | 22,040.00 | 31,487.00 | 5.00% | 415.92 |

3.4      **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Debtor(s) **Glenn Anthony Norris, Sr.**
**Danita Rose Norris**            Case No.

**3.5**      **Surrender of collateral.**

     ■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6**      **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1**      **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**      **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3**      **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

         Amount paid to attorney prior to filing:   $   **589.00**
         Amount to be paid by the Trustee:   $   **3,411.00**
         Total fee requested:   $   **4,000.00**

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

     The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| -NONE- | | |

**4.5**      **Domestic support obligations.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**      **Nonpriority unsecured claims.**

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7

Debtor(s) **Glenn Anthony Norris, Sr.**
**Danita Rose Norris**                                                      Case No.

case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
■ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other. Please specify ____

**5.2**   **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**   **Executory Contracts and Unexpired Leases.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
■ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| USA Springhill Storage | Month to Month Debtor is current | ■ Debtor(s) ☐ Trustee | 84.00 | 60 | 0.00 | 0.00 |

☐ **Rejected items**. The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| -NONE- | |

**6.2**   **Sale of assets.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

Debtor(s) <u>**Glenn Anthony Norris, Sr.**</u>
<u>**Danita Rose Norris**</u>  Case No.

### 6.3  Claims not to be paid by the trustee.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

### 6.4  Postpetition claims.

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

■ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

### 7.1  Property of the estate will vest in the debtor(s) upon:

*Check the applicable box.*

☐ plan confirmation.

■ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

| | |
|---|---|
| **/s/ Wm. Marshall Hubbard**<br>Wm. Marshall Hubbard<br>**Signature of Attorney for Debtor(s)** | **Date** March 15, 2020 |
| **/s/ Glenn Anthony Norris, Sr.**<br>Glenn Anthony Norris, Sr. | **Date** March 15, 2020 |
| **/s/ Danita Rose Norris**<br>Danita Rose Norris<br>**Signature(s) of Debtor(s)**<br>**(required if not represented by an attorney; otherwise optional)** | **Date** March 15, 2020 |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan has been served by CM/ECF to the Chapter 13 Standing Trustee; Charles W. Tucker, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on March 15, 2020:

Department of Finance and Administration  
Legal Division  
P.O. Box 1272  
Little Rock, AR 72203

AR Department of Workforce Services  
Legal Division  
P.O. Box 2981  
Little Rock, AR 72203

Internal Revenue Service  
P.O. Box 7346  
Philadelphia, PA 19101-7346

U.S. Attorney, Eastern District  
P.O. Box 1229  
Little Rock, AR 72202

And to all creditors whose names and addresses are set forth on the creditor matrix.

                                            Respectfully Submitted,

                                            Caddell Reynolds Law Firm  
                                            PO Box 184  
                                            Fort Smith, AR 71902  
                                            Tel: 501.902.4132  
                                            mhubbard@justicetoday.com

                                            */s/Wm. Marshall Hubbard*  
                                            Wm. Marshall Hubbard (2011285)

```
Access Credit Management
Pob 250531
Little Rock, AR 72225


American Profit Recovery
Attn: Bankruptcy
34505 W 12 Mile Road #333
Farmington Hills, MI 48331


American Profit Recovery
34505 W 12 Mile Rd Ste 3
Farmington Hills, MI 48331


AR Department of Workforce Ser
Legal Division
PO Box 2981
Little Rock, AR 72203


Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634


Bank of America
Po Box 982238
El Paso, TX 79998


Bank OZK
Attn: Bankruptcy
Po Box 8811
Little Rock, AR 72231


Bank OZK
P. O. Box 196
Ozark, AR 72949


BSI Financial Services
Attn: Bankruptcy
Po Box 517
Titusville, PA 16354


Bsi Financial Services
101 N 2nd St
Titusville, PA 16354
```

Capital One  
AttnL: Bankruptcy  
Po Box 30285  
Salt Lake City, UT 84130  

Capital One  
26525 N Riverwoods Blvd  
Mettawa, IL 60045  

Chase Card Services  
Po Box 15369  
Wilmington, DE 19850  

Credit Acceptance  
25505 West 12 Mile Road  
Suite 3000  
Southfield, MI 48034  

Credit Acceptance  
Po Box 5070  
Southfield, MI 48086  

Dept. of Finance and Administration  
Legal Revenue Counsel, Rm. 2380  
PO Box 3493  
Little Rock, AR 72203  

First PREMIER Bank  
Attn: Bankruptcy  
Po Box 5524  
Sioux Falls, SD 57117  

First PREMIER Bank  
3820 N Louise Ave  
Sioux Falls, SD 57107  

Focus Receivables Management, LLC  
1130 Northchase Parkway  
Suite 150  
Marietta, GA 30067  

Focus Receivables Management, LLC  
1130 Northchase Pkwy  
Marietta, GA 30067

```
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101


LVNV Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


LVNV Funding/Resurgent Capital
C/o Resurgent Capital Services
Greenville, SC 29602


Mid-South Adjustment
123 West 2nd St
Pine Bluff, AR 71601


Mid-South Adjustment
Attn: Bankruptcy
200 E 11th Ave. Suite K
Pine Bluff, AR 71601


Midland Fund
Attn: Bankruptcy
350 Camino De La Reine Ste 100
San Diego, CA 92108


Midland Fund
320 East Big Beaver
Troy, MI 48083


Naviet
Attn: Claims Dept
Po Box 9500
Wilkes-Barr, PA 19773


Naviet
Po Box 9635
Wilkes Barre, PA 18773


Phoenix Financial Services, LLC
Attn: Bankruptcy
Po Box 361450
Indianapolis, IN 46236
```

Phoenix Financial Services, LLC
8902 Otis Ave
Indianapolis, IN 46216


Telecom Self-reported
Po Box 4500
Allen, TX 75013


Total Visa/The Bank of Missouri
Attn: Bankruptcy
Po Box 85710
Sioux Falls, SD 57118


Total Visa/The Bank of Missouri
Po Box 85710
Sioux Falls, SD 57118


TSI/ Transworld Systems Inc
Attn: Bankruptcy
500 Virginia Dr, Ste 514
Fort Washington, PA 19034


TSI/ Transworld Systems Inc
Pob 15270
Wilmington, DE 19850


U.S. Department of Education
Ecmc/Bankruptcy
Po Box 16408
Saint Paul, MN 55116


U.S. Department of Education
Po Box 5609
Greenville, TX 75403


US Attorney (Eastern District)
P.O. Box 1229
Little Rock, AR 72202


USA Springhill Storage
3515 HWY 5 North
Bryant, AR 72019

```
Utility Self-reported
Po Box 4500
Allen, TX 75013


Wells Fargo Home Mor
Attn: Written Correspondence/Bankruptcy
Mac#2302-04e Pob 10335
Des Moines, IA 50306


Wells Fargo Home Mor
Po Box 10335
Des Moines, IA 50306
```